**STRAUSS BORRELLI PLLC**
Andrew G. Gunem (SBN 354042)
andrewg@straussborrelli.com
Raina C. Borrelli (*pro hac vice*)
raina@straussborrelli.com
980 N. Michigan Avenue, Ste. 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109

**FEDERMAN & SHERWOOD**
William B. Federman(*pro hac vice*)
wbf@federmanlaw.com
Kennedy M. Brian (*pro hac vice*)
kpb@federmanlaw.com
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
T: (405) 235-1560

*Attorneys for Plaintiffs and Proposed Class*
*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE MCDANIEL, RIKKI MCDANIEL, JON WILLIAMS, MOJDEH WILLIAMS, and TOM SIMMONS, on behalf of themselves and all similarly situated individuals,<br><br>                 Plaintiffs,<br><br>v.<br><br>**TOSHIBA GLOBAL COMMERCE SOLUTIONS, INC.,**<br><br>                 Defendant. | Case No. 8:24-cv-01772-FWS-ADS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**<br><br>Judge Fred W. Slaughter<br>Date: October 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 10D (Santa Ana) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on October 2, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Fred W. Slaughter of the United States District Court for the Central District of California, Southern Division, located in Courtroom 10-D at 411 West 4th Street, Room 1053, Santa Ana, California 92701-4516, Plaintiffs, through their undersigned counsel of record, will and hereby do move pursuant to Federal Rule of Civil Procedure 23 for entry of an order, *inter alia*:

(1)     granting final approval of the Settlement;

(2)     finally certifying the Settlement Class for purposes of settlement only;

(3)     finally appointing Plaintiffs Kyle McDaniel, Rikki McDaniel, Jon Williams, Mojdeh Williams, and Tom Simmons as Class Representatives;

(4)     finally appointing Raina C. Borrelli and Andrew G. Gunem of Strauss Borrelli PLLC and Kennedy M. Brian and William B. Federman of Federman & Sherwood as Settlement Class Counsel;

(5)     finally appointing RG/2 Claims Administration, LLC as Settlement Administrator;

(6)     awarding the requested Attorney Fees, Costs, and Service Awards (ECF No. 44); and

(7)     finding that Notice complied with the Court's Preliminary Approval Order, due process, and the Federal Rules of Civil Procedure.

This Unopposed Motion is based on this Notice of Motion, the supporting Memorandum, the Declaration of Dana Boub (**Exhibit 1**), the Declarations of the Class Representatives (**Exhibits 2–6**), all pleadings and exhibits herein, and any other matter of which this Court may take judicial notice.

1    Pursuant to Local Rule 7-3, proposed Settlement Class Counsel conferred

2  with Defendant, and Defendant does not oppose the relief sought by Plaintiffs.

3    DATE: September 4, 2025

4                                   Respectfully submitted,

5                                   By: */s/  William B. Federman*

6                                   **FEDERMAN & SHERWOOD**
                                    William B. Federman(*pro hac vice*)
7                                   wbf@federmanlaw.com
                                    Kennedy M. Brian (*pro hac vice*)
8                                   kpb@federmanlaw.com
9                                   10205 N. Pennsylvania Avenue
                                    Oklahoma City, OK 73120
10                                  T: (405) 235-1560

11

12                                  **STRAUSS BORRELLI PLLC**
                                    Andrew G. Gunem (SBN 354042)
13                                  andrewg@straussborrelli.com
                                    Raina C. Borrelli (*pro hac vice*)
14                                  raina@straussborrelli.com
15                                  980 N. Michigan Avenue, Ste. 1610
                                    Chicago, IL 60611
16                                  T: (872) 263-1100
17                                  F: (872) 263-1109

18

19                                  *Attorneys for Plaintiffs and Proposed Class*
                                    *Additional Counsel Listed on Signature*
20                                  *Page*

21

22

23

24

25

26

27                                  -ii-

28  PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
    APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

# **TABLE OF CONTENTS**

I.    INTRODUCTION............................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ......................................2

III.  SUMMARY OF THE SETTLEMENT TERMS................................................3

A.   The Settlement Class ........................................................3

B.   The Non-Reversionary Settlement Fund. ..........................................4

C.   Settlement Benefits. ..........................................................4

D.   Business Practice Changes and Confirmatory Discovery. ..............................5

E.   Attorneys' Fees, Costs, Expenses and Service Awards. ..................................6

IV.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE..........6

A.   *Hanlon* Factors 4, 6 and Fed. R. Civ. P. 23(e)(2)(B): the Settlement was
     Negotiated at Arm's Length; there is No Evidence of Collusion; and the Stage
     in Which the Settlement was Reached Supports Preliminary Approval.........7

B.   *Hanlon* Factors 3 and 5: the Amount Offered in Settlement and the Experience
     and Views of Counsel. ........................................................9

C.   Fed. R. Civ. P. 23(e)(2)(A): Proposed Settlement Class Counsel and the
     Proposed Class Representative are Adequate Representatives. ....................11

D.   *Hanlon* Factors 1, 2 and Fed. R. Civ. P. 23(e)(2)(C)(i): the Strength of
     Plaintiffs' Case; the Risk, Expense, Complexity, and Likely Duration of
     Further Litigation; and the Costs, Risks, and Delay of Trial and Appeal.....12

E.   Fed. R. Civ. P. 23(e)(2)(C)(iii): the Terms of Any Proposed Award of
     Attorneys' Fees. ..............................................................15

F.   Fed. R. Civ. P. 23(e)(2)(C)(iv): Any Agreement Required to be Identified.15

G.   Fed. R. Civ. P. 23(e)(2)(C)(ii): the Method of Distributing Relief is Effective.
     ................................................................................16

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

H.  Fed. R. Civ. P. 23(e)(2)(D): Class Members are Treated Equitably Relative to

Each Other. .........................................................................................................16

I.  *Hanlon* Factor 7: the Reaction of the Class....................................................17

J.  The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors.................

………………………………………………………………………………..18

V.  THE    SETTLEMENT    MEETS    THE    RULE    23(a)    AND    23(b)

REQUIREMENTS...............................................................................................19

VI.    THE NOTICE PROGRAM SATISFIED DUE PROCESS. ..........................19

VII.    CONCLUSION..............................................................................................20

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Briseño v. Henderson*,

4

    998 F.3d 1014 (9th Cir. 2021) ................................................................18

5

*Cmty. Res. for Indep. Living v. Mobility Works of California, LLC*,

6

    533 F. Supp. 3d 881 (N.D. Cal. 2020) .....................................................8

7

*Corra v. ACTS Ret. Servs., Inc.*,

8

    No. CV 22-2917, 2024 WL 22075 (E.D. Pa. Jan. 2, 2024) ...................12

9

*Desue v. 20/20 Eye Care Network, Inc.*,

10

    No. 21-CIV-61275-RAR, 2023 WL 4420348 (S.D. Fla. July 8, 2023) ...............10

11

*FabFitFun, Inc.*,

12

    2021 WL 6496734 (C.D. Cal. Dec. 9, 2021) ..........................................13

13

*Fox v. Iowa Health Sys.*,

14

    No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) .............12

15

*Fulton-Green v. Accolade, Inc.*,

16

    No. 18-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ...................12

17

*Gordon v. Chipotle Mexican Grill, Inc.*,

18

    No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ......12

19

*Hanlon v. Chrysler Corp.*,

20

    150 F.3d 1011 (9th Cir. 1998) ..................................................................7

21

*Hashemi v. Bosley, Inc.*,

22

    No. CV 21-946 PSG (RAOX), 2022 WL 18278431 (C.D. Cal. Nov. 21, 2022) .....

23

    ………………………………………………………………13, 14, 18, 19

24

*In re Anthem, Inc. Data Breach Litig.*,

25

    327 F.R.D. 299 (N.D. Cal. 2018) ..........................................................14

26

27

28

*In re Banner Health Data Breach Litig.*,

No. 2:16-CV-02696-SRB, 2020 WL 12574227(D. Ariz. Apr. 21, 2020) ...........17

*In re Blackbaud, Inc., Customer Data Breach Litig.*,

No. 3:20-MN-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024)..............13

*In re Blackbaud, Inc., Customer Data Breach Litig.*,

No. 3:20-MN-02972-JFA, 2024 WL 5247287 (D.S.C. Dec. 30, 2024) .............13

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,

No. 3:08-1998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ..........................12

*In re Forefront Data Breach Litig.*,

No. 21-CV-887, 2023 WL 6215366 (E.D. Wis. Mar. 22, 2023) ................. 15, 18

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,

293 F.R.D. 21 (D. Me. 2013) ..............................................................................13

*In re Novant Health, Inc.*,

No. 1:22-CV-697, 2024 WL 3028443 (M.D.N.C. June 17, 2024) .....................15

*In re Omnivision Techs., Inc.*,

559 F. Supp. 2d 1036 (N.D. Cal. 2008)...............................................................17

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,

No. 1:17-md-2807, 2019 WL 3773737 (N.D. Ohio Aug. 12, 2019) ..................12

*In re Tableware Antitrust Litig.*,

No. C-04-3514 VRW, 2007 WL 4219394 (N.D. Cal. Nov. 28, 2007) .................9

*In re Target Corp. Customer Data Sec. Breach Litig.*,

No. 14-md-2522, 2017 WL 2178306 (D. Minn. May 17, 2017) .........................18

*Krant v. UnitedLex Corp.*,

No. 23-2443-DDC-TJJ, 2024 WL 5187565 (D. Kan. Dec. 20, 2024)................15

*Lalli v. First Team Real Est.-Orange Cnty.*,

No. 820CV00027JWHADS, 2022 WL 8207530 (C.D. Cal. Sept. 6, 2022)........10

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

*Linney v. Cellular Alaska P'ship*,

   151 F.3d 1234 (9th Cir. 1998) ............................................................................6, 8

*Perez v. Bodycote Thermal Processing, Inc.*,

   No. CV 22-00145 RAO, 2024 WL 4329057 (C.D. Cal. Aug. 23, 2024).............14

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,

   221 F.R.D. 523 (C.D. Cal. 2004).................................................................. 10, 14

*Nguyen v. Westlake Servs. Holding Co.*,

   No. 8:23-CV-00854-FWS-ADS, 2025 WL 2087575 (C.D. Cal. Jan. 27, 2025) ...6

*Schneider v. Chipotle Mexican Grill, Inc.*,

   336 F.R.D. 588 (N.D. Cal. 2020) ........................................................................17

*Wahl v. Yahoo! Inc.*,

   No. 17-CV-02745-BLF, 2018 WL 6002323 (N.D. Cal. Nov. 15, 2018).............17

*Weisenberger v. Ameritas Mut. Holding Co.*,

   No. 4:21-CV-3156, 2024 WL 3903550 (D. Neb. Aug. 21, 2024) .......................17

**RULES**

Fed. R. Civ. P. 23 ................................................................................. passim

**TREATISES**

4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 (4th ed.2002).......14

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

## I. INTRODUCTION

On May 23, 2025, the Court granted Preliminary Approval of the Class Action Settlement, as set forth in a Settlement Agreement ("SA"),[1] between Plaintiffs Kyle McDaniel, Rikki McDaniel, Jon Williams, Mojdeh Williams, and Tom Simmons (collectively, "Plaintiffs") and Defendant Toshiba Global Commerce Solutions, Inc. ("TGCS" or "Defendant") (together, the "Parties"). (ECF No. 41). Pursuant to the Court's Order, the Settlement Administrator, RG/2 Claims Administration LLC ("RG/2" or "Settlement Administrator"), issued notice to the Settlement Class. (Ex. 1, ¶ 8).

Since then, direct notice of the Settlement has reached 99% of the Settlement Class. (*Id.* ¶ 12). As of September 3, 2025, Settlement Class Members have filed 1,225 claims—which equates to a claims rate of 19.58%.[2] (*Id.* ¶ 16). The estimated value of the *Pro Rata* Cash Payment claims is $243.42 (though that number may change as claims continue to be submitted and evaluated). (*Id.*). Additionally, only four (4) Settlement Class Members have opted out of the Settlement and no Settlement Class Members have objected to the Settlement. (*Id.* ¶¶ 13–14). As explained below, the Settlement satisfies Federal Rule of Civil Procedure ("Rule") 23(a), Rule 23(b)(3), Rule 23(e), the *Hanlon* factors, and the *Briseño* analysis. Therefore, the Court should grant final approval of the Settlement.[3]

---

[1] The Settlement Agreement was filed with Plaintiffs' Motion for Preliminary Approval as ECF No. 38-1. All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement unless otherwise stated.

[2] The claims rate is expected to increase because the deadline to submit a claim is not until September 22, 2025. (Ex. 1, ¶ 16). Additionally, a portion of the claims submitted so far are still being reviewed by RG/2. (*Id.*).

[3] Plaintiffs filed a [Proposed] Final Approval Order as "Exhibit E" to the Settlement Agreement. (*See* ECF No. 38-1). Counsel prepared an updated [Proposed] Final Approval Order (**Exhibit 7**) which Counsel will also submit to the Court's designated email address.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

## II.    FACTUAL AND PROCEDURAL BACKGROUND

TGCS is a global market share leader in retail store technology. (Second Am. Compl., ¶ 20, ECF No. 37). Between December 4, 2023, and March 18, 2024, an unauthorized actor gained access to TGCS's email environment (the "Data Incident"). (*Id.* ¶ 33). The Data Incident allegedly impacted the personally identifiable information ("PII") of the current and former employees of TGCS and their dependents. (*Id.* ¶ 23).

After the Data Incident was announced, Plaintiff Kyle McDaniel filed a putative class action lawsuit against Toshiba America Business Solutions, Inc. ("TABS") on August 13, 2024. (ECF No. 1). A First Amended Class Action Complaint was filed on December 10, 2024, and added Rikki McDaniel, Jon Williams, and Mojdeh Williams as named plaintiffs. (ECF No. 17). TGCS was also added as a Defendant. (*Id.*). After meeting and conferring with defense counsel for TABS and TGCS, it was determined that TGCS was the proper Defendant for the claims alleged by Plaintiffs Kyle McDaniel, Rikki McDaniel, Jon Williams, and Mojdeh Williams.[4] Therefore, Plaintiffs filed a Second Amended Class Action Complaint on April 17, 2025, asserting claims for (1) negligence, (2) negligence *per se*, (3) breach of implied contract, (4) unjust enrichment, and (5) declaratory judgment, and removing TABS as a defendant. (ECF No. 37). Tom Simmons was also added as an additional named Plaintiff. (*Id.*).

After determining the proper defendant, Proposed Settlement Class Counsel engaged in extensive arm's length settlement negotiations, over the course of several months, that included the informal exchange of information necessary to evaluate

---

[4] There is a parallel lawsuit against TABS—*Gregerson v. Toshiba America Business Solutions, Inc.*, No. 8:24-cv-01201 (C.D. Cal.) ("*Gregerson* Action"), which received final approval on September 2, 2025 (ECF No. 50).

-2-
PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

the Parties' respective strengths and weaknesses. After significant negotiations, the Parties reached the Settlement.

Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement on April 17, 2025. (ECF No. 38). The Court granted preliminary approval on May 23, 2025. (ECF No. 41). Since preliminary approval was granted, nothing has changed other than that notice of the settlement has been successfully disseminated to the Class. Thus, the Settlement merits final approval.

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Settlement Class

The Settlement Agreement encompasses two (2) settlement classes, for settlement purposes only:

**Settlement Class**

[A]ll United States residents who were mailed notice by TGCS that their personal information was impacted in a data incident beginning on approximately December 4, 2023. However, the Settlement Class specifically excludes: (i) TGCS, its subsidiaries, parent companies, successors, predecessors, and any entity in which TGCS or its parents have a controlling interest, and their officers and directors; (ii) all Settlement Class Members who validly request exclusion from the Settlement Class by the Opt-Out Date; (iii) any judges assigned to this case and members of their direct families; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

(SA, ¶ 1.32).

**California Settlement Subclass**

[T]hose Settlement Class Members residing in California who were mailed notification of the Data Incident from TGCS at a California address.

(*Id.* ¶ 1.2).

---

-3-

**B.    The Non-Reversionary Settlement Fund.**

Pursuant to the terms of the Settlement Agreement, TGCS will establish a non-reversionary common fund of $435,000.00. (*Id.* ¶ 1.34). The Settlement Fund will be used to pay for: (i) all Valid Claims; (ii) all Costs of Claims Administration; (iii) any service award payments approved by the Court to the Representative Plaintiffs; (iv) attorneys' fees and costs as approved by the Court; and (v) any other payments authorized by the Settlement Agreement. (*Id.* ¶ 2.4).

**C.    Settlement Benefits.**

The Settlement provides many meaningful benefits for Class Members to choose from. These benefits include:

<u>Out-of-Pocket Expense Reimbursement</u>: All Settlement Class Members who have suffered a proven monetary loss and who submit a Valid Claim using the Claim Form are eligible for reimbursement of up to seven thousand five hundred dollars ($7,500.00) if: (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; (iii) the loss occurred between December 4, 2023 and the Claims Deadline; (iv) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance; and (v) the Settlement Class Member has not submitted a valid and approved claim in the settlement of *Gregerson v. Toshiba America Business Solutions, Inc.*, 8:24-cv-01201-FWS-ADS (C.D. Cal).[5] (*Id.* ¶ 3.2).

---

[5] The *Gregerson* Action arises from the same data security incident as the present action (the "*McDaniel* Action") but asserts claims against a different Toshiba subsidiary—TABS. In other words, two Toshiba subsidiaries—TABS and TGCS—were impacted by the same data security incident. There were a small number of individuals who received notice of the data security incident from both TGCS and TABS, however the Parties were careful to ensure that the releases between the

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

California Settlement Subclass Payment: Additionally, all California Settlement Subclass Members may make a claim for a $150.00 cash payment, provided that such member has not submitted a valid and approved claim in the settlement of *Gregerson v. Toshiba America Business Solutions, Inc.*, 8:24-cv-01201-FWS-ADS (C.D. Cal.). (*Id.* ¶ 3.4).

*Pro Rata* Cash Payment: Lastly, all Settlement Class Members may make a claim for a *pro rata* distribution of the cash that remains in the Settlement Remainder, if any, after payment of all Costs of Claims Administration, any service award payments approved by the Court to the Representative Plaintiffs, attorneys' fees and costs as approved by the Court, and Valid Claims for Out-of-Pocket Expense Reimbursement and California Settlement Subclass Payment, provided that such member has not submitted a valid and approved claim in the settlement of *Gregerson v. Toshiba America Business Solutions, Inc.*, 8:24-cv-01201-FWS-ADS (C.D. Cal.). (*Id.* ¶ 3.5).

### D.    Business Practice Changes and Confirmatory Discovery.

In connection with these settlement negotiations, TGCS has acknowledged (without any admission of liability) that TGCS has made certain systems or business practice changes to mitigate the risk of similar data incidents in the future. (*Id.* ¶ 3.9). TGCS has provided reasonable access to confidential confirmatory discovery regarding the number of Settlement Class Members and state of residence, the facts and circumstances of the Data Incident and TGCS's response thereto, and the changes and improvements that have been made or are being made to further protect

---

*Gregerson* Action settlement and the present action did not overlap. (Declaration of Raina Borrelli in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Borrelli Decl."), ¶ 7, ECF No. 38-2). The carve out above (and throughout the Settlement Agreement for the *McDaniel* Action) was included to ensure a Settlement Class Member could not recover twice for the harm suffered due to one data security incident.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

Settlement Class Members' PII. (*Id.* ¶ 3.10).

**E.      Attorneys' Fees, Costs, Expenses and Service Awards.**

Proposed Settlement Class Counsel filed an Amended[6] Motion for Attorneys' Fees, Expenses, and Service Awards on August 14, 2025, requesting attorneys' fees in the amount of $108,750.00, expenses in the amount of $3,593.89, and service awards of $5,000.00 per named plaintiff. (ECF No. 44). To date, no Settlement Class Member objected to the amounts requested.

**IV.      THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

"Although there is a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned,' a settlement of class claims requires court approval." *Nguyen v. Westlake Servs. Holding Co.*, No. 8:23-CV-00854-FWS-ADS, 2025 WL 2087575, at *4 (C.D. Cal. Jan. 27, 2025) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)). Rule 23(e) governs class action settlement approval. Pursuant to Rule 23(e), class action settlements are permitted only when the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).

In determining whether a settlement is "fair, reasonable, and adequate," courts must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

---

[6] Proposed Settlement Class Counsel filed their initial Motion for Attorneys' Fees, Expenses, and Service Awards on August 7, 2025. (ECF No. 42). The amount requested in fees, expenses, and service awards did not change when the Amended Motion for Attorneys' Fees, Expenses, and Service Awards was filed on August 14, 2025. (ECF No. 44). Therefore, Proposed Class Counsel did not resubmit their excel spreadsheets notating their fees and expenses to chambers because they did not change.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

(C) the relief provided for the class is adequate, taking into account:

> (i) the costs, risks, and delay of trial and appeal;

> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Additionally, courts within the Ninth Circuit consider the following factors: (i) the strength of the Plaintiffs' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the amount offered in settlement; (iv) the extent of discovery completed and the stage of the proceedings; (v) the experience and views of counsel; (vi) any evidence of collusion between the parties; and (vii) the reaction of the class members to the proposed settlement (collectively, the "*Hanlon* factors"). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

## A. *Hanlon* Factors 4, 6 and Fed. R. Civ. P. 23(e)(2)(B): the Settlement was Negotiated at Arm's Length; there is No Evidence of Collusion; and the Stage in Which the Settlement was Reached Supports Preliminary Approval.

The Settlement presented to the Court for final approval was negotiated at arm's length and without collusion in accordance with Rule 23(e)(2)(B) and *Hanlon* factors 4 and 6.

Shortly after the Data Incident was announced by TGCS, Proposed Settlement

Class Counsel quickly worked to: (i) investigate the factual underpinning of the Data Incident; (ii) identify potential forums for initiating the class action lawsuit; (iii) research and evaluate the potential legal claims to determine their probability for success; (iv) interview individuals impacted by the Data Incident; and (v) draft the complaint that initiated the lawsuit. (Borrelli Decl., ¶ 8). Once the lawsuit was filed, and the proper defendant was determined, TGCS expressed interest in early settlement negotiations due to: (i) the small size of the Class; and (ii) the pending resolution of the *Gregerson* Action. (*Id.* ¶ 9). However, before engaging in settlement negotiations, Proposed Settlement Class Counsel requested, received, and/or reviewed informal discovery from Defendant regarding the Data Incident, affected Class Members, and its remediation efforts.[7] (*Id.*). After thoroughly evaluating the strengths and weaknesses of the case, Proposed Settlement Class Counsel engaged in extensive arm's length settlement negotiations with counsel for TGCS over the span of many months. (*Id.* ¶ 10). Proposed Settlement Class Counsel used their knowledge from prosecuting other data breach class action settlements to negotiate the Settlement achieved here. (*Id.*). The fact that the Settlement was achieved through well-informed arm's length negotiations between counsel with significant experience in data breach class actions weighs in favor of preliminary approval. *See Cmty. Res. for Indep. Living v. Mobility Works of California, LLC*, 533 F. Supp. 3d 881, 889 (N.D. Cal. 2020) ("Where, as here, an agreement is the

---

[7] Although formal discovery was not completed, this does not prohibit approval of the Settlement. "In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239. This is certainly the case here, where Proposed Settlement Class Counsel obtained sufficient informal discovery that allowed them to evaluate the strengths and weaknesses of Plaintiffs' claims before negotiating a Settlement. (*See* Borrelli Decl., ¶¶ 9–10).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

product of "serious, informed, non-collusive negotiations" conducted by experienced counsel over an "extended period of time," those facts will weigh in favor of approval.") (citation omitted); *In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 4219394, at *3 (N.D. Cal. Nov. 28, 2007) (granting final approval, and holding that "extended negotiations that culminated in the settlement indicate that the agreement here was reached in a procedurally sound manner"). Thus, these factors resound in favor of final approval.

### B. *Hanlon* Factors 3 and 5: the Amount Offered in Settlement and the Experience and Views of Counsel.

Through Proposed Settlement Class Counsel's efforts and negotiations, Proposed Settlement Class Counsel achieved a non-reversionary settlement fund of $435,000.00 for approximately 6,255 Settlement Class Members.[8] (SA, ¶ 1.32). The Settlement provides two (2) components of relief: (i) cash payments to Settlement Class Members; and (ii) meaningful business practice changes. (*Id.* ¶¶ 3.2–3.5, 3.9). Under the monetary component, all Settlement Class Members are eligible to submit a claim for an Out-of-Pocket Expense Reimbursement of up to $7,500.00 and a *Pro Rata* Cash Payment. (*Id.* ¶¶ 3.2, 3.5). Additionally, all California Subclass Members will be permitted to submit a claim for a $150.00 cash payment. (*Id.* ¶ 3.4). As to the second component, TGCS has acknowledged (without any admission of liability) that it has made certain systems or business practice changes to mitigate the risk of similar data incidents in the future. (*Id.* ¶ 3.9). These are meaningful benefits that

---

[8] The Settlement equates to an approximate per person value of $69.54. This amount far exceeds the per person value achieved in many other data breach cases. *See, e.g.*, *Carter v. Vivendi Ticketing US LLC*, No. SACV2201981CJCDFMX, 2023 WL 8153712 (C.D. Cal. Oct. 30, 2023) (data breach settlement with approximate per person value of $6.86); *Harbour v. California Health & Wellness Plan*, No. 5:21-CV-03322-EJD, ECF Nos. 52, 63 (N.D. Cal. Jan. 16, 2024) (data breach settlement with approximate per person value of $6.34).

mirror the relief Class Members could expect to receive only after a successful trial.

In sum, the Settlement addresses the type of injuries and repercussions sustained by Settlement Class Members in the wake of the Data Incident and offers significant compensation to make each Settlement Class Member "whole." "[T]hrough the Settlement, Plaintiffs and Class Members gain benefits without having to face further risk." *Desue v. 20/20 Eye Care Network, Inc*., No. 21-CIV-61275-RAR, 2023 WL 4420348, at *8 (S.D. Fla. July 8, 2023); *see also Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial.").

This exceptional Settlement was only obtained through the experience and skill of Proposed Settlement Class Counsel. (Borrelli Decl., ¶ 12). Proposed Settlement Class Counsel are highly experienced in this area of practice and have a well-respected reputation in the data privacy litigation sector. (*Id.*). Proposed Settlement Class Counsel worked hard and at great risk on behalf of the Settlement Class to obtain information from TGCS regarding the Data Incident and utilized their experience and knowledge gained from other data breach class actions to negotiate a favorable Settlement here. (*Id.*). Based on the experience and views of Proposed Settlement Class Counsel, this is an excellent result for the Settlement Class, which militates in favor of final approval. (*Id.* ¶¶ 12, 18); *see also Lalli v. First Team Real Est.-Orange Cnty.*, No. 820CV00027JWHADS, 2022 WL 8207530, at *9 (C.D. Cal. Sept. 6, 2022) (granting final approval of settlement where the Court was satisfied that Class Counsel's experience "allowed them to evaluate the merits of the claims and risks associated with prosecuting them" and "Class Counsel also staunchly support[ed] the final outcome as fair and reasonable").

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

**C.     Fed. R. Civ. P. 23(e)(2)(A): Proposed Settlement Class Counsel and the Proposed Class Representative are Adequate Representatives.**

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). Here, both the Class Representatives and Proposed Settlement Class Counsel adequately represented the Settlement Class.

The Class Representatives pursued this litigation on behalf of the Class for the benefit of the Class. The Class Representatives demonstrated their adequacy by: (i) selecting well-qualified counsel; (ii) producing information and documents to their counsel to permit investigation and development of the complaints; (iii) being available as needed throughout the litigation; (iv) monitoring the litigation; (v) being willing to endure invasive discovery and depositions if needed; and (vi) reviewing the terms of the Settlement and the Settlement Agreement. (*See* Exs. 2–6). Plaintiffs' claims and interests align with those of the Settlement Class, and they approve of the Settlement. Therefore, the Class Representatives have performed adequately.

Similarly, Proposed Settlement Class Counsel are adequate representatives. Proposed Settlement Class Counsel have extensive experience litigating complex class actions and have demonstrated ample success in litigating data breach class actions. (Borrelli Decl., ¶ 14). Proposed Settlement Class Counsel have adequately represented the Class by: (i) fully investigating the facts and legal claims; (ii) preparing the complaints; (iii) requesting, obtaining, and/or reviewing informal discovery from TGCS regarding the Data Incident, affected Class Members, its remediation efforts and insurance coverage; and (iv) extensively negotiating the settlement terms. (*Id.*). The work done by Proposed Settlement Class Counsel to date provided Proposed Settlement Class Counsel with sufficient information to negotiate this very favorable Settlement for the Class. (*Id.*). Thus, Proposed Settlement Class

Counsel were also adequate representatives, and this factor weighs in favor of final approval.

**D.** ***Hanlon* Factors 1, 2 and Fed. R. Civ. P. 23(e)(2)(C)(i): the Strength of Plaintiffs' Case; the Risk, Expense, Complexity, and Likely Duration of Further Litigation; and the Costs, Risks, and Delay of Trial and Appeal.**

Data breach litigation is a cutting-edge area of the law that presents numerous developing issues, evolving precedents, and unpredictable outcomes. *See, e.g.*, *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are always unpredictable."); *Gordon v. Chipotle Mexican Grill, Inc.,* No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases ... are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) (noting data breaches are a "risky field of litigation" because they "are uncertain and class certification is rare."); *Fox v. Iowa Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) ("Data breach litigation is evolving; there is no guarantee of the ultimate result."); *Corra v. ACTS Ret. Servs., Inc.*, No. CV 22-2917, 2024 WL 22075, at *12 (E.D. Pa. Jan. 2, 2024) ("[T]he Court recognizes that data breach cases such as this one are complex and risky, and recovery at trial is decidedly uncertain—$350,000 in cash is significantly better than nothing."); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-1998, 2010 WL 3341200, at *6 (W.D. Ky. Aug. 23, 2010) (approving data breach settlement, in part, because "proceeding through the litigation process in this case is unlikely to produce the Plaintiffs' desired results).

There was no clear path to success in this case. Indeed, not one data breach case like this has gone to trial. Despite these risks, Proposed Settlement Class Counsel undertook this litigation on behalf of Plaintiffs and the Class.

This case was particularly risky, and Plaintiffs faced substantial hurdles if the litigation were to continue. (Borrelli Decl., ¶¶ 15–16). Most notably, Plaintiffs faced the risk of surviving a motion to dismiss, a motion for summary judgment, and obtaining (and maintaining) class certification. The class certification stage alone has been proven fatal in many data breach cases. *See, e.g.*, *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013) (denying class certification in data breach class action); *Gaston v. FabFitFun, Inc.*, 2021 WL 6496734, at *3 (C.D. Cal. Dec. 9, 2021) ("Historically, data breach cases have experienced minimal success in moving for class certification."); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) (denying motion for class certification in data breach case); *see also In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JFA, 2024 WL 5247287 (D.S.C. Dec. 30, 2024) (denying motion for leave to file a renewed class certification motion).

Though Plaintiffs and Proposed Settlement Class Counsel strongly believe in the merits of the claims asserted, Plaintiffs and Proposed Settlement Class Counsel acknowledge that proving causation and damages in the emerging area of data breach cases can be difficult and is by no means guaranteed. *See, e.g.*, *Hashemi v. Bosley, Inc.*, No. CV 21-946 PSG (RAOX), 2022 WL 18278431, at *4 (C.D. Cal. Nov. 21, 2022) (explaining that data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury). Continued litigation would require formal discovery, depositions, expert reports, obtaining and maintaining class

certification throughout trial, and summary judgment, as well as possible appeals (interlocutory and/or after the merits). (Borrelli Decl., ¶¶ 15–16). This would also require additional rounds of briefing and the possibility of no recovery at all. (*Id.*). The Settlement here guarantees relief to the Settlement Class whereas further protracted litigation would not.

For the reasons stated above, these factors heavily weigh in favor of final approval. *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.") (citing 4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed.2002); *Perez v. Bodycote Thermal Processing, Inc.*, No. CV 22-00145 RAO, 2024 WL 4329057, at *7 (C.D. Cal. Aug. 23, 2024) (granting final approval after noting "[h]ad the case not settled when it did, additional costs for discovery and litigation would have been incurred, which would have resulted in less money available for Class Members for any later settlement"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018) (granting final approval where "further litigation would have been costly and uncertain and would have detrimentally delayed any potential relief for the Class," whereas the relief provided by settlement was "timely, certain, and meaningful"); *Hashemi*, 2022 WL 2155117, at *7 ("In short, given the ongoing risks and uncertainties of data breach litigation, as well as the fact that the Settlement provides significantly greater value per Class Member as compared to similar data breach class action settlements, the Court concludes that the Settlement amount is within the range of approval."). Accordingly, these factors support final approval.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

**E.      Fed. R. Civ. P. 23(e)(2)(C)(iii): the Terms of Any Proposed Award of Attorneys' Fees.**

Rule 23(e)(2)(C)(ii) requires consideration of "the terms of any proposed award of attorney's fees, including timing of payment." Pursuant to the terms of the Settlement Agreement, Proposed Settlement Class Counsel were permitted to seek up to one-third (1/3) of the Settlement Fund to pay for Proposed Settlement Class Counsel's attorneys' fees, costs, and expenses. (SA, ¶ 8.2). The Parties did not discuss the payment of attorneys' fees, costs, and expenses until after the substantive terms of the Settlement were agreed to. (*Id.* ¶ 8.1).

Despite the Settlement Agreement allowing Proposed Class Counsel to request up to one-third (1/3) of the Settlement Fund, Proposed Class Counsel only requested twenty-five percent (25%) of the Settlement Fund in attorneys' fees. (ECF No. 44). The fee requested is less than the fees awarded in other data privacy cases across the nation. *See, e.g.*, *In re Novant Health, Inc.*, No. 1:22-CV-697, 2024 WL 3028443 (M.D.N.C. June 17, 2024) (collecting cases awarding one-third of the common fund and approving the same); *Krant v. UnitedLex Corp.*, No. 23-2443-DDC-TJJ, 2024 WL 5187565, at *7 (D. Kan. Dec. 20, 2024) ("[A] one-third fee also aligns with those awarded by other courts in data breach class action cases."); *In re Forefront Data Breach Litig.*, No. 21-CV-887, 2023 WL 6215366, at *8 (E.D. Wis. Mar. 22, 2023) (awarding one-third of the settlement fund). Accordingly, this factor necessarily supports final approval.

**F.      Fed. R. Civ. P. 23(e)(2)(C)(iv): Any Agreement Required to be Identified.**

Other than the Settlement Agreement and the agreement with the RG/2 to provide notice of the Settlement to the Settlement Class, there are no other agreements required to be identified.

**G.      Fed. R. Civ. P. 23(e)(2)(C)(ii): the Method of Distributing Relief is Effective.**

"[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," is also a relevant factor in determining the adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).

The notice program and Claim Form were designed to encourage the filing of valid claims by Settlement Class Members. To file a claim, Settlement Class Members need only complete a simple Claim Form and submit it with documentation supporting any claimed losses or alternatively select a *Pro Rata* Cash Payment. Settlement Class Members may submit claims online or through the mail. This procedure is claimant-friendly, efficient, cost-effective, proportional, and reasonable under the particular circumstances of this case. Accordingly, the methods of distributing relief to Settlement Class Members further support that the Settlement is fair, reasonable, and adequate.

**H.      Fed. R. Civ. P. 23(e)(2)(D): Class Members are Treated Equitably Relative to Each Other.**

Rule 23(e)(2)(D) requires that the settlement "treat[] class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). The proposed settlement does not discriminate between any segments of the Settlement Class. All Settlement Class Members are eligible to submit a claim for an Out-of-Pocket Expense Reimbursement of up to $7,500.00 and a *Pro Rata* Cash Payment. (SA, ¶¶ 3.2, 3.5). Additionally, all California Subclass Members will be permitted to submit a claim for a $150.00 cash payment. (*Id.* ¶ 3.4). The only difference among Settlement Class Members is that those who have substantiated financial losses will be compensated for those losses, and Class Members who would have statutory claims under California law will be compensated for their release of those claims. "It is reasonable

to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008) (citation omitted).

While Proposed Settlement Class Counsel sought Service Awards of $5,000.00 each for the Class Representatives' services on behalf of the Settlement Class (ECF No. 44), Service Awards of this amount are regularly approved in this Circuit. *See, e.g.*, *Wahl v. Yahoo! Inc.*, No. 17-CV-02745-BLF, 2018 WL 6002323, at *6 (N.D. Cal. Nov. 15, 2018) (awarding service award of $5,000 where the parties participated in informal discovery); *In re Banner Health Data Breach Litig.*, No. 2:16-CV-02696-SRB, 2020 WL 12574227, at *7 (D. Ariz. Apr. 21, 2020) (awarding service awards of $5,000 in data privacy case). Indeed, Plaintiffs spent a combined total of over ***100 hours*** towards the success of the litigation. (Exs. 2–6). Therefore, this factor supports preliminary approval.

## I.    *Hanlon* Factor 7: the Reaction of the Class.

Although the claims period does not end until September 22, 2025, the reaction from the class has been overwhelmingly positive. As of September 3, 2025, Settlement Class Members have filed 1,225 claims—which equates to a claims rate of 19.58%. (Ex.1, ¶ 16). This claims rate far exceeds many data breach settlements. *See, e.g.*, *Carter v. Vivendi Ticketing US LLC*, No. SACV2201981CJCDFMX, 2023 WL 8153712, at *9 (C.D. Cal. Oct. 30, 2023) ("To begin, the 1.6% claims rate is in line with claims rates in other data breach class action settlements that courts have approved."); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 599 (N.D. Cal. 2020) (granting final approval with 0.83% claims rate, stating that the rate was "on par with other consumer cases, and d[id] not otherwise weigh against approval"); *Weisenberger v. Ameritas Mut. Holding Co.*, No. 4:21-CV-3156, 2024 WL 3903550, at *3 (D. Neb. Aug. 21, 2024)

-17-
PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1  (approving claims rate of approximately 1.25% and noting that it was not unusual
2  for a data breach case); *In re Forefront Data Breach Litig.*, No. 21-CV-887, 2023
3  WL 6215366, at *4 (E.D. Wis. Mar. 22, 2023) ("A claims rate of 1.46% is generally
4  in line with the rate experienced in other data breach class actions."); *In re Target*
5  *Corp. Customer Data Sec. Breach Litig.*, No. 14-md-2522, 2017 WL 2178306, at
6  *1–2 (D. Minn. May 17, 2017), *aff'd*, 892 F.3d 968 (8th Cir. 2018) (approving
7  settlement with roughly 0.23% claims rate).

8       Additionally, only four (4) Settlement Class Members have opted out of the
9  Settlement and no Settlement Class Members have objected to the Settlement. (Ex.
10 1, ¶¶ 13–14). These data points indicate that the Settlement has been well-received
11 by the Class and merits final approval.

12       **J.    The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors.**

13       In the Ninth Circuit, class action settlements are also often reviewed for the
14 "three red flags" delineated by *Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir.
15 2021). These "three red flags" are also called the *"Bluetooth"* factors. *Id*. The three
16 (3) factors are: "(i) if class counsel receives a disproportionate distribution of the
17 gross settlement amount; (ii) if any of the gross settlement amount reverts to the
18 defendant; and (iii) if there is a 'clear sailing arrangement.'" *Hashemi*, 2022 WL
19 18278431, at *3.

20       The first factor is satisfied because Class Counsel has requested the
21 "benchmark" fee of 25% of the fund. (ECF No. 44) The second factor is satisfied
22 because the Settlement Agreement lacks a "reverter" or "kicker" clause." No portion
23 of the Settlement will revert to the Defendant because it is a non-reversionary
24 common fund. (SA, ¶ 1.34). While the Settlement Agreement provides that
25 Defendant "has agreed not to oppose" the fee motion, such a clause is not a "death
26 knell" when the settlement is otherwise fair, reasonable, and adequate. (*Id.* ¶ 8.2.)

27
28

"[T]he mere presence of a clear sailing arrangement is not 'an independent basis for withholding settlement approval.'" *Hashemi*, 2022 WL 18278431, at \*7. Rather, "such arrangements are material only if there is evidence of at least one of the other two *Briseño* factors[.]" *Id*. Thus, the Settlement is proper under *Briseño*, and the Court should grant final approval.

## V.   THE SETTLEMENT MEETS THE RULE 23(a) AND 23(b) REQUIREMENTS

In the preliminary approval order, the Court preliminarily found that the Settlement met the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the Rule 23(b) requirements. (ECF No. 41). Since preliminary approval, nothing has changed to disturb these findings, thus the Settlement should receive final approval.

## VI.   THE NOTICE PROGRAM SATISFIED DUE PROCESS.

In accordance with the Court's preliminary approval order, RG/2 disseminated notice of the Settlement to the Settlement Class. On June 2, 2025, RG/2 Claims received from Defendants' counsel an electronic file containing the names and known contact information for 6,255 individuals identified as Settlement Class Members. (Ex. 1, ¶ 6). Prior to mailing notice of the Settlement to the Settlement Class Members, RG/2 processed the class list through the United States Postal Service's National Change of Address database and updated the Settlement Class Members' information. (*Id.* ¶ 7). On June 20, 2025, RG/2 mailed notice of the Settlement to the Settlement Class and established the Settlement Website on June 23, 2025.[9] (*Id.* ¶¶ 8–9). If a notice was returned as undeliverable with a forwarding

---

[9] Following the dissemination of the Notice, it was determined that the Notice contained errors, therefore, RG/2 Claims promptly caused a Corrective Notice to be served by First Class U.S. Mail to the 6,255 individuals identified as Settlement

-19-
PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

address, RG/2 remailed the notice. (*Id.* ¶ 12). RG/2 led a very successful notice program that reached 99% of the Settlement Class. (*Id.*).

The notice disseminated to the Settlement Class informed Settlement Class Members of their right to file a claim to receive compensation. (*Id.* ¶ 16, Ex. C). The deadline to submit a claim is September 22, 2025. (*Id.* ¶ 16). As of the date of RG/2's Declaration, RG/2 has received 1,225 Claim Forms. (*Id.*). Of the 1,225 Claim Forms submitted, 952 selected the *Pro Rata* Cash Payment (currently estimated to be approximately $243.42 per cash payment, subject to change based on the total claims filed), 117 selected the California Subclass Payment for a total of $17,550.00, 5 selected Out-of-Pocket Expenses for a total of $8,902.00, and 241 made no selection which necessitates further communication with those Class Members to ascertain their specific selection.[10] (*Id.*). Because the claims period is open for valid claims postmarked by September 22, 2025, it is expected that RG/2 will continue to receive, review, and evaluate claims for the next several weeks. (*Id.*). Subject to the review process discussed above, and the conclusion of the claims period, the current claims rate is 19.58%. (*Id.*).

In sum, the Settlement Class was well-informed of their rights under the Settlement and the notice program complied with due process.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval, finally certify the Settlement Class for purposes of settlement, and enter the proposed final approval order.

---

Class Members. (Ex. 1, ¶ 15). The Corrective Notice included language correcting the website and Claim Form Deadline. (*Id.*).

[10] A portion of the claims received are in the review process and these numbers do not reflect approved claims. (*Id.* ¶ 16).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1   DATE: September 4, 2025

2                                        Respectfully submitted,

3

4                                        By: */s/ William B. Federman*
                                         **FEDERMAN & SHERWOOD**
5                                        William B. Federman(*pro hac vice*)
                                         wbf@federmanlaw.com
6                                        Kennedy M. Brian (*pro hac vice*)
                                         kpb@federmanlaw.com
7                                        10205 N. Pennsylvania Avenue
8                                        Oklahoma City, OK 73120
                                         T: (405) 235-1560
9

10                                       **STRAUSS BORRELLI PLLC**
11                                       Andrew G. Gunem (SBN 354042)
                                         andrewg@straussborrelli.com
12                                       Raina C. Borrelli (*pro hac vice*)
                                         raina@straussborrelli.com
13                                       980 N. Michigan Avenue, Ste. 1610
14                                       Chicago, IL 60611
                                         T: (872) 263-1100
15                                       F: (872) 263-1109
16                                       *Proposed Settlement Class Counsel*

17

18                                       **THE BALL LAW FIRM APC**
19                                       Byron T. Ball (SBN 150195)
                                         btb@balllawllp.com
20                                       100 Wilshire Blvd., Suite 700
                                         Santa Monica, CA 90401
21                                       F: (310) 980-8039
22                                       F: (415) 477-6710
                                         *Additional Plaintiffs' Counsel*
23

24

25

26

27
                                         -21-
28   PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
     APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6

I, the undersigned, counsel of record for Plaintiffs, certify that this brief contains 6,238 words—excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits—which complies with the word limit of L.R. 11-6.1.

By: */s/ William B. Federman*
**FEDERMAN & SHERWOOD**

## CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7-3

Pursuant to Local Rule 7-3, Proposed Settlement Class Counsel conferred with Defendant, and Defendant does not oppose the relief sought by Plaintiffs.

By: */s/ William B. Federman*
**FEDERMAN & SHERWOOD**

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ William B. Federman*
**FEDERMAN & SHERWOOD**